UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBS FINANCIAL SERVICES INC.,<br>　　　　Petitioner,<br>　　v.<br>MACARIO B. MONTOYA,<br>　　　　Respondent. | Case No. 15-cv-00136-JST<br>**ORDER TO SHOW CAUSE** |

In this action, Petitioner UBS Financial Services, Inc. ("UBS") seeks: (1) an order confirming the arbitration award issued by the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution arbitration panel in a binding arbitration between UBS and Respondent Marcario B. Montoya, and entering judgment upon the FINRA arbitration award in its entirety; (2) post-award, pre-judgment interest and post-judgment interest; and (3) attorneys' fees and costs incurred by UBS in its continuing efforts to collect the award. ECF No. 2 at 1. UBS filed its petition and a motion to confirm the arbitration award on January 9, 2015. ECF No. 2. Defendant has not yet appeared. The motion was set for hearing before the undersigned on April 9, 2015. ECF No. 16. Having found the matter suitable for disposition without oral argument, the Court vacated the motion hearing on March 31, 2015. ECF No. 23.

Although it is nowhere mentioned in UBS's petition, motion, reply, or case management statement, ECF Nos. 1, 2, 20, 24, it has come to the Court's attention that a petition to confirm the same arbitration award, filed by the same Petitioner, represented by the same law firm, was previously considered in a separate action in this Court under Case No. 14-mc-80124-WHA. In that case, which was filed on May 1, 2014, and closed on June 24, 2014, the Court granted UBS's petition to confirm the arbitration award and enter judgment thereon; granted in part the request for pre-judgment interest; granted the request for post-judgment interest; and denied the request

for attorney's fees and costs. UBS Financial Servs. Inc. v. Montoya, No. 14-mc-80124-WHA, 2014 WL 2876688, at *4 (N.D. Cal. June 24, 2014).

The doctrine of res judicata bars claims that were raised or could have been raised in a prior action. See F.T.C. v. Garvey, 383 F.3d 891, 897 (9th Cir. 2004). Accordingly, Petitioner is ordered to show cause why this action is not barred by the entry of final judgment in Case No. 14-mc-80124. The Court further orders counsel to show cause why sanctions should not be imposed for failure to alert the Court to the previous adjudication of this matter. See Fed. R. Civ. P. 11(b); Cal. Rules of Prof'l Conduct 5-200(b); N.D. Cal. Civ. R. 3-12, 11-4; see also Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) ("sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.' The word 'frivolous' . . . [is] used to denote a filing that is both baseless and made without a reasonable and competent inquiry." (internal citation omitted)). Petitioner shall file a response to this order by May 18, 2015, and shall appear for a hearing on this order on May 26, 2015 at 2:00 p.m.

IT IS SO ORDERED.

Dated: May 7, 2015

_____
JON S. TIGAR
United States District Judge